IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| VERTIV CORPORATION, <br><br> *Plaintiff*, <br><br> v. <br><br> LEGRAND DPC, LLC, <br><br> *Defendant*. | C.A. No. 3:26-cv-636 _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Vertiv Corporation ("Vertiv" or "Plaintiff") brings this action against Legrand DPC, LLC ("Legrand" or "Defendant") for Legrand's ongoing, willful and unauthorized use of Vertiv's patented technology.

Legrand's infringement arises from deliberate commercial choices, not happenstance. Rather than pursue independent development, Legrand elected to bring to market products that infringe Vertiv's patented, award-winning technology, which Vertiv developed through substantial investment, technical expertise, and years of innovation. This conduct harms more than Vertiv alone. When companies like Legrand choose copying over innovation, they threaten the substantial investments required to develop and implement technological advancement critical to modern infrastructure, including technologies essential to data centers, cloud computing, and the widespread deployment of artificial intelligence. Legrand's infringement has allowed it to compete unfairly while avoiding the costs borne by Vertiv to develop and commercialize its technology. Vertiv brings this action to protect its intellectual property, restore fair competition, and put an end to Legrand's infringement.

4907-5119-1188

Legrand has had full notice of Vertiv's patent rights and yet continues to infringe Vertiv's valuable technology. In particular, Vertiv alleges the following:

## NATURE OF THE CASE

1.      The Patent Office has awarded Vertiv an extensive patent portfolio that protects Vertiv's inventions. This is an action for infringement of Vertiv's U.S. Patent No. 9,728,918 ("the '918 Patent"), 10,541,501 ("the '501 Patent"), and 7,522,036 ("the '036 Patent") (collectively, "the Asserted Patents"), brought pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

2.      Vertiv is a global provider of critical digital infrastructure and continuity solutions recognized for its groundbreaking products and services, including innovative power distribution units ("PDUs") that ensure peak performance through management of power usage and monitoring capabilities.

3.      Vertiv technology, including its PDUs, cooling, and IT management solutions, is employed in a variety of data centers, communication networks, and industrial environments.

4.      In 2023, Vertiv won the CRN® Annual Report Card (ARC) Award in the Power Protection and Management category, one of the most prestigious honors in the IT industry.

5.      Defendant has been making, selling, using, importing, and/or offering for sale PDU products that work with at least the Server Technology Environmental Sensors (*e.g.*, SmartSensors, EMCU-1-1C, etc.) such as the Server Technology line of ServerTech PRO 4X PDUs, the Server Technology line of ServerTech PRO3x PDUs, the Server Technology line of ServerTech PRO2 PDUs, and the Server Technology line of ServerTech PRO1 PDUs, each of which alone, or in combination with Server Technology Environmental Sensors, infringe one or more claims of each of the Asserted Patents in violation of 35 U.S.C. § 271.

**THE PARTIES**

6.      Vertiv is a corporation organized and existing under the laws of the state of Ohio with a principal place of business located at 505 North Cleveland Ave., Westerville, OH 43082.

7.      On information and belief, Defendant is a U.S. corporation.

8.      On information and belief, Defendant's headquarters are located at 60 Woodlawn Street, West Hartford, CT 06110.

9.      On information and belief, and pursuant to the Nevada Secretary of State record attached hereto as **Exhibit A** and pursuant to the Delaware Secretary of State record attached hereto as **Exhibit B**, on or about July 1, 2022, Server Technology, Inc. merged with the Defendant.

10.     On information and belief, and pursuant to Exhibits A and B, Defendant is the surviving entity of the merger.

11.     On information and belief, and pursuant to Exhibits A and B, Server Technology, Inc. is no longer a legal entity and operates solely as a trade name of Defendant.

12.     On information and belief, Defendant's registered agent for service of process is CT Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**JURISDICTION AND VENUE**

13.     This action arises under the patent laws of the United States, Title 35 of the United States Code.

14.     This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338 because Vertiv's claims arise under an Act of Congress relating to patents, mainly 35 U.S.C. § 271.

4907-5119-1188

15.     Defendant imports or causes to be imported, makes, offers to sell, sells, and/or uses products in the United States, including, but not limited to, the '918 Accused Products, the '501 Accused Products, and the '036 Accused Products, defined herein.

16.     On information and belief, Defendant explicitly states its office locations on its website at:

https://www.legrand.us/about-us/locations?srsltid=AfmBOoo9vaBKL_aHgCwQUiEGGFEYgHB1lp0AHzKpMY6VJ1IMdopNWqLg.

17.     On information and belief, and pursuant to Defendant's website, Defendant operates a place of business in this District located at 9571 Pan American Drive, El Paso, TX 79927.

18.     On information and belief, Defendant imports or causes to be imported, makes, offers to sell, sells, and/or uses products in this District, including, but not limited to, the '918 Accused Products, the '501 Accused Products, and the '036 Accused Products.

19.     This Court has personal jurisdiction over Defendant because Defendant has committed and continues to commit acts of infringement in violation of the United States Patent Laws, and has made, used, sold, offered for sale, marketed and/or imported infringing products into this District. Defendant's infringement has caused substantial injury to Vertiv, including within this District.

20.     Venue is proper in this District under 28 U.S.C. § 1400(b) because, on information and belief, Defendant has committed acts of infringement and has a regular and established place of business in this District.

**ASSERTED PATENTS AND DEFENDANT'S INFRINGEMENT**

21.     On August 8, 2017, U.S. Patent No. 9,728,918 ("the '918 Patent"), entitled "Distribution Strip," was duly and legally issued by the United States Patent and Trademark Office to inventors Josef Feigl and Christian Stepputat. A true and correct copy of the '918 Patent is attached as **Exhibit C**.

22.     On January 21, 2020, U.S. Patent No. 10,541,501 ("the '501 Patent"), entitled "Apparatus For Providing Power For Multiple Types of Plugs Via A Single Receptacle," was duly and legally issued by the United States Patent and Trademark Office to inventors Gordan Hutchison, Sam Riley, Andrew Case, Simon Lewis, and Brad Wilson. A true and correct copy of the '501 Patent is attached as **Exhibit D**.

23.     On April 21, 2009, U.S. Patent No. 7,522,036 ("the '036 Patent"), entitled "Integrated Power And Environmental Monitoring Electrical Distribution System," was duly and legally issued by the United States Patent and Trademark Office to inventors Jesse Preuss, Brad Wilson, and Tom Kennedy. A true and correct copy of the '036 Patent is attached as **Exhibit E**.

24.     Vertiv is the assignee and owner of all right, title, and interest in and to the Asserted Patents, including the right to assert all causes of action arising under the Asserted Patents and the right to any remedies for infringement of the Asserted Patents.

25.     The Asserted Patents are valid and enforceable under the United States Patent Laws.

26.     In accordance with 35 U.S.C. § 287, Vertiv has provided constructive notice to the public that certain of Vertiv's products are covered by the Asserted Patents by marking product packaging with patent numbers and by listing patent numbers that cover its products on its website at https://www.vertiv.com/en-us/patents/.

5

4907-5119-1188

27.     On information and belief, Defendant has lawyers and other agents who regularly review patents and published patent applications relevant to the technology in the field of the Asserted Patents. On information and belief, Defendant purposefully reviews the patents and published patent applications of its competitors for purposes of competitive intelligence and to monitor advancements in the technology field.

28.     As a result, on information and belief, Defendant had actual notice of the Asserted Patents as early as the date each of the Asserted Patents was issued.

29.     Vertiv has attempted in good faith to resolve this matter amicably before initiating legal proceedings. For example, Vertiv sent a letter to Defendant on or around October 15, 2025, inviting Defendant to license the Asserted Patents, attached hereto as **Exhibit F.** As a result, Defendant has had actual notice of the Asserted Patents and Vertiv's infringement allegations at least as early as that time.

30.     As of the time of filing this Complaint, the parties have not reached a resolution.

## THE ACCUSED PRODUCTS

31.     On information and belief, Defendant owns, operates, advertises, and/or controls the website www.servertech.com, through which Defendant advertises, sells, offers to sell, provides and/or educates customers about PDU products that work with at least the Server Technology Environmental Sensors and services related thereto. For example, Defendant's website provides information regarding its line of ServerTech PRO4X PDUs at https://www.servertech.com/products/pro4x-pdu.

32.     On information and belief, Vertiv and Defendant are competitors in at least the data center infrastructure market.

33.     On information and belief, Defendant derives significant revenue by selling the PDU products, and Defendant knows that the patented technology is necessary to compete with at

least Vertiv's patented Geist™ line of Rack Transfer Switches, Switched Rack PDUs, Universal PDUs, Monitored Rack PDUs, Metered Rack PDUs, and Basic Rack PDUs, all of which are covered by one or more of the Asserted Patents.

34.     On information and belief, Defendant has been and continues to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, PDU products that work with at least the Server Technology Environmental Sensors in the United States generally, and in the state of Texas specifically.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,728,918**

35.     Vertiv re-alleges and incorporates by reference all of the foregoing paragraphs.

36.     On information and belief, and based on publicly available information, Legrand sells the Server Technology line of ServerTech PRO 4X PDUs on its website, each of which infringe one or more claims of the '918 Patent ("the '918 Patent Accused Products").

37.     On information and belief, and based on publicly available information, each of the '918 Patent Accused Products satisfy each and every limitation of at least claim 1 of the '918 Patent as described in Appendix A.

38.     The selection of this exemplary claim and the ServerTech Pro4X Power Distribution Unit as an exemplary '918 Patent Accused Product should not be considered limiting, and any additional infringing products or services and infringed claims of the '918 Patent will be disclosed pursuant to the Court's rules and scheduling order.

39.     Claim 1 of the '918 Patent recites:

A distribution strip for distributing electrical energy for device and/or server cabinets, comprising:

an upper, a lower and two lateral elongated side faces and a first and a second end face, which define an inner chamber;

7

a feed cable provided on the first end face for supplying electrical energy and a plurality of connecting means provided on the upper side face, to which electrical consumers can be connected for the energy supply; and

wherein the first end face forms, with a side face, an inner angle of greater than 105°;

wherein a depression is formed in the first end face, and a passage opening into the inner chamber is formed for the feed cable in a bottom region of the depression; and

wherein the depression is tapered;

wherein the passage opening is larger than the feed cable; and

wherein a flexible sealing sleeve that surrounds the feed cable is provided in a region of the passage opening for providing movability of the feed cable inside the passage opening.

40.     On information and belief, the exemplary '918 Patent Accused Product is substantially the same as the other '918 Patent Accused Products in all relevant respects, and thus is representative of all '918 Patent Accused Products.

41.     Defendant has and continues to directly infringe one or more claims, including at least claim 1 of the '918 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing the '918 Patent Accused Products in this District and into the United States. The '918 Patent Accused Products satisfy, literally or under the doctrine of equivalents, each and every claim limitation of at least claim 1 of the '918 Patent.

42.     Defendant has and continues to induce infringement of one or more claims of the '918 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(b). Defendant has and continues to knowingly and actively encourage or instruct others, including its customers, on how to use its products and services (*e.g.*, the '918 Patent Accused Products) to cause infringement of at least claim 1 of the '918 Patent, literally or under the doctrine of equivalents.

43.     Each of Defendant's aforementioned activities has been without authority and/or license from Vertiv.

8

44.    Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Vertiv for which there is no adequate remedy at law.

45.    Vertiv is therefore entitled to a permanent injunction restraining and enjoining Defendant from infringing the '918 Patent.

46.    By reason of Defendant's infringing activities, Vertiv has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

47.    Defendant's infringement of the '918 Patent following Defendant's knowledge of the '918 Patent has been and continues to be willful, wanton, and deliberate.

48.    Vertiv is entitled to treble damages and attorneys' fees and costs incurred in this action under 35 U.S.C. §§ 284 and 285.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,541,501

49.    Vertiv re-alleges and incorporates by reference all of the foregoing paragraphs.

50.    On information and belief, and based on publicly available information, Legrand sells the Server Technology line of ServerTech PRO 4X PDUs, the Server Technology line of ServerTech PRO3x PDUs, the Server Technology line of ServerTech PRO2 PDUs (Model Numbers: C2S48TE-YCMFAM99, and all similar models), and the Server Technology line of ServerTech PRO1 PDUs (Model Numbers: C1S39TS-5CPD2T444, and all similar models) on its website, each of which infringe one or more claims of the '501 Patent ("the '501 Patent Accused Products").

51.    On information and belief, and based on publicly available information, each of the '501 Patent Accused Products satisfy each and every limitation of at least claims 1, 7, and 14 of the '501 Patent as described in Appendix B.

52.    The selection of these exemplary claims and the ServerTech PRO4X Power Distribution Unit as an exemplary '501 Patent Accused Product should not be considered limiting,

9

and any additional infringing products or services and infringed claims of the '501 Patent will be

disclosed pursuant to the Court's rules and scheduling order.

53.     Claim 1 of the '501 Patent recites:

A receptacle assembly, comprising:

a receptacle, the receptacle including at least three electrical terminals contained within a receptacle housing, wherein the at least three electrical terminals of the receptacle are configured to connect with one plug of multiple types of plugs, the multiple types of plugs including a C14 plug and a C20 plug, the receptacle housing including a flange at a base of the receptacle housing to provide a more secure fit between the receptacle housing and one plug of multiple types of plugs, the multiple types of plugs including the C14 plug and the C20 plug.

54.     Claim 7 of the '501 Patent recites:

A receptacle assembly, comprising:

a receptacle, the receptacle including at least three electrical terminals contained within a receptacle housing, wherein the at least three electrical terminals of the receptacle are configured to connect with one plug of multiple types of plugs, the multiple types of plugs including a C14 plug and a C20 plug.

55.     Claim 14 of the '501 Patent recites:

A multiple receptacle assembly, comprising:

a casing; and

a plurality of receptacles which are assembled at least partially within the casing, each receptacle of the plurality of receptacles including at least three electrical terminals contained within a receptacle housing, wherein the at least three electrical terminals of each receptacle are configured to connect with one plug of multiple types of plugs, the multiple types of plugs including a C14 plug and a C20 plug, the receptacle housing including a flange at a base of the receptacle housing to provide a more secure fit between the receptacle housing and one plug of multiple types of plugs, the multiple types of plugs including the C14 plug and the C20 plug.

56.     On information and belief, the exemplary '501 Patent Accused Product is

substantially the same as the other '501 Patent Accused Products in all relevant respects, and thus

is representative of all '501 Patent Accused Products.

4907-5119-1188

57.    Defendant has and continues to directly infringe one or more claims, including at least claims 1, 7, and 14 of the '501 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing the '501 Patent Accused Products in this District and into the United States. The '501 Patent Accused Products satisfy, literally or under the doctrine of equivalents, each and every claim limitation of at least claims 1, 7, and 14 of the '501 Patent.

58.    Defendant has and continues to induce infringement of one or more claims of the '501 Patent, including at least claims 1, 7, and 14, in violation of 35 U.S.C. § 271(b). Defendant has and continues to knowingly and actively encourage or instruct others, including its customers, on how to use its products and services (*e.g.*, the '501 Patent Accused Products) to cause infringement of at least claims 1, 7, and 14 of the '501 Patent, literally or under the doctrine of equivalents.

59.    Each of Defendant's aforementioned activities has been without authority and/or license from Vertiv.

60.    Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Vertiv for which there is no adequate remedy at law.

61.    Vertiv is therefore entitled to a permanent injunction restraining and enjoining Defendant from infringing the '501 Patent.

62.    By reason of Defendant's infringing activities, Vertiv has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

63.    Defendant's infringement of the '501 Patent following Defendant's knowledge of the '501 Patent has been and continues to be willful, wanton, and deliberate.

64.    Vertiv is entitled to treble damages and attorneys' fees and costs incurred in this action under 35 U.S.C. §§ 284 and 285.

4907-5119-1188

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,522,036

65.     Vertiv re-alleges and incorporates by reference all of the foregoing paragraphs.

66.     On information and belief, and based on publicly available information, Legrand sells the Server Technology line of ServerTech PRO 4X PDUs, the Server Technology line of ServerTech PRO3x PDUs, and the Server Technology line of ServerTech PRO2 PDUs (Model Numbers: C2S48TE-YCMFAM99, and all similar models) on its website, each of which infringe one or more claims of the '036 Patent ("the '036 Patent Accused Products").

67.     On information and belief, and based on publicly available information, each of the '036 Patent Accused Products satisfy each and every limitation of at least claims 1, 9, and 17 of the '036 Patent as provided herein Appendix C.

68.     The selection of these exemplary claims and the Servertech PRO4X Power Distribution Unit as an exemplary '036 Patent Accused Product should not be considered limiting, and any additional infringing products or services and infringed claims of the '036 Patent will be disclosed pursuant to the Court's rules and scheduling order.

69.     Claim 1 of the '036 Patent recites:

A power and environmental monitoring system, comprising:

a power distribution unit having a receptacle for supplying power to equipment coupled with the power distribution unit via the receptacle;

a power monitoring system for monitoring a power consumption characteristic of the power supplied to the equipment coupled with the power distribution unit;

an environmental monitoring system for monitoring an environmental characteristic in a physical environment occupied by the power and environmental monitoring system;

a network connector for connecting the power and environmental monitoring system to a network, and

a common interface accessible via the network connector,

12

wherein the power monitoring system and the environmental monitoring system share the common interface accessible via the network connector.

70.    Claim 9 of the '036 Patent recites:

A system for performing power and environmental monitoring in a power distribution unit, the power distribution unit having a receptacle for supplying power to equipment coupled with the power distribution unit via the receptacle, the system comprising:

a power monitoring system for monitoring a power consumption characteristic of the power supplied to the equipment coupled with the power distribution unit;

an environmental monitoring system for monitoring an environmental characteristic in a physical environment occupied by the system;

a network connector for connecting the power and environmental monitoring system to a network, and

a common interface accessible via the network connector,

wherein the power monitoring system and the environmental monitoring system share the common interface accessible via the network connector.

71.    Claim 17 of the '036 Patent recites:

A method for performing power and environmental monitoring utilizing a power and environmental monitoring system, the power and environmental monitoring system comprising a power distribution unit having a receptacle for supplying power to equipment coupled with the power distribution unit via the receptacle, a power monitoring system for monitoring a power consumption characteristic of the power supplied to the equipment coupled with the power distribution unit, an environmental monitoring system for monitoring an environmental characteristic in a physical environment occupied by the power and environmental monitoring system, a network connector for connecting the power and environmental monitoring system to a network, and a common interface accessible via the network connector, wherein the power monitoring system and the environmental monitoring system share the common interface accessible via the network connector, the method comprising:

sensing the power consumption characteristic utilizing the power monitoring system;

sensing the environmental characteristic utilizing the environmental monitoring system;

detecting when one or more of the power consumption characteristic and the environmental characteristic has reached an alarm threshold; and

transmitting an alarm via the network connector when the alarm threshold is detected.

13

72.     On information and belief, the exemplary '036 Patent Accused Product is substantially the same as the other '036 Patent Accused Products in all relevant respects, and thus is representative of all '036 Patent Accused Products.

73.     Defendant has and continues to directly infringe one or more claims of the '036 Patent, including at least claims 1, 9, and 17 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing the '036 Patent Accused Products in this District and into the United States which satisfy, literally or under the doctrine of equivalents, each and every claim limitation of at least claims 1, 9, and 17 of the '036 Patent.

74.     Defendant has and continues to induce infringement of one or more claims, including at least claim 1, 9, and 17 of the '036 Patent in violation of 35 U.S.C. § 271(b). Defendant has and continues to knowingly and actively encourage or instruct others, including its customers, on how to use its products and services (*e.g.*, the '036 Patent Accused Products) to cause infringement of at least claims 1, 9, and 17 of the '036 Patent, literally or under the doctrine of equivalents.

75.     Defendant has and continues to contributorily infringe one or more claims, including at least claims 1, 9, and 17 of the '036 Patent in violation of 35 U.S.C. § 271(c). Defendant has and continues to sell or offer to sell a power and environmental monitoring system for use in a power distribution unit knowing it is specially made or adapted for practicing the invention of the '036 Patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

76.     Each of Defendant's aforementioned activities has been without authority and/or license from Vertiv.

4907-5119-1188

77.    Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Vertiv for which there is no adequate remedy at law.

78.    Vertiv is therefore entitled to a permanent injunction restraining and enjoining Defendant from infringing the '036 Patent.

79.    By reason of Defendant's infringing activities, Vertiv has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

80.    Defendant's infringement of the '036 Patent following Defendant's knowledge of the '036 Patent has been and continues to be willful, wanton, and deliberate.

81.    Vertiv is entitled to treble damages and attorneys' fees and costs incurred in this action under 35 U.S.C. §§ 284 and 285.

## JURY DEMAND

82.    Vertiv hereby demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Vertiv respectfully requests that this Court enter judgment in its favor as follows:

A.    An adjudication that Defendant has infringed one or more claims of each of the Asserted Patents, literally and/or under the doctrine of equivalents;

B.    An adjudication that Defendant has induced infringement of one or more claims of each of the Asserted Patents, literally and/or under the doctrine of equivalents;

C.    An adjudication that Defendant has contributed to infringement of one or more claims of the '036 Patent, literally and/or under the doctrine of equivalents;

4907-5119-1188

D.      An award of damages to be paid by Defendant to adequately compensate Vertiv for its past infringement and any continuing or future infringement up until the date judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284;

E.      A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Asserted Patents;

F.      Increased damages as permitted under 35 U.S.C. § 284;

G.      That this court declare this to be an exceptional case and award Vertiv its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

H.      Any further relief that this Court deems just and proper.

Dated: March 5, 2026                    Respectfully submitted,

                                        SCOTT DOUGLASS & McCONNICO LLP

                                        By: */s/ Robby Earle*
                                        Robert ("Robby") P. Earle
                                        Texas Bar No. 24124566
                                        303 Colorado Street, Suite 2400
                                        Austin, Texas 78701-2589
                                        Tel: (512) 495-6300
                                        Fax: (512) 495-6399
                                        rearle@scottdoug.com

                                        BENESCH FRIEDLANDER
                                         COPLAN & ARONOFF LLP

16

Charles M. McMahon (*pro hac vice forthcoming*)
Manish K. Mehta (*pro hac vice forthcoming*)
Kalpesh (Kal) K. Shah (*pro hac vice forthcoming*)
Mircea A. Tipescu (*pro hac vice forthcoming*)
Louis Constantinou (*pro hac vice forthcoming*)
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
Tel: (312) 212-4949
cmcmahon@beneschlaw.com
mmehta@beneschlaw.com
kshah@beneschlaw.com
mtipescu@beneschlaw.com
LConstantinou@beneschlaw.com

Puja V. Parikh (*pro hac vice forthcoming*)
100 Pine Street, Suite 3100
San Francisco, CA 94111
Tel: (628) 295-2032
pparikh@beneschlaw.com

Durya Nadeem (*pro hac vice forthcoming*)
41 South High Street, Suite 2600
Columbus, OH 43215-6164
Tel: (614) 223-9374
dnadeem@beneschlaw.com

*Attorneys for Plaintiff Vertiv Corporation*

17